**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARISSA MCCONNELL,**

                              Plaintiff,

                                        CIVIL ACTION NUMBER
**vs.**                                 **8:13-cv-02055-VMC-EAJ**

**SWIFT FUNDS, LLC** (a California
company) and **SWIFTFUNDS FINANCIAL
SERVICES LLC** (a California company),
and **MARIE ANNE PETREE** (an individual),

                              Defendants.
_____/

**AMENDED COMPLAINT**
**JURY DEMAND**

1.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act,

Fla. Stat. § 559.55 *et seq*. ("FCCPA").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and

15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and

Defendants placed telephone calls into this District.

**PARTIES**

3.      Plaintiff, Carissa McConnell is a natural person and a citizen of the State

of Florida, residing in Hillsborough County in the Middle District of Florida, and is a

"consumer" as defined by 15 U.S.C. § 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. § 1692a(5).

4.      Defendant, SWIFT FUNDS, LLC (hereinafter "Swift Funds"), is a foreign limited liability company organized and existing under the laws of the State of California, the principal purpose of whose business is the collection of debts, operating a collection agency from its principal place of business at 927 Deep Valley Drive, Suite 195, Rolling Hills Estate, California, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. §1692a (6) .

5.      Defendant, SWIFTFUNDS FINANCIAL SERVICES, LLC (hereinafter "Swift Financial"), is a foreign limited liability company organized and existing under the laws of the State of California, the principal purpose of whose business is the collection of debts, operating a collection agency from its principal place of business at 927 Deep Valley Drive, Suite 195, Rolling Hills Estate, California, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. §1692a(6).

6.      Defendant, MARIE ANNE PETREE ("Petree"), is the Owner and Manager of both Defendant Swift Funds and Defendant Swift Financial, and is personally involved in the day-to-day operations of Defendant Swift Funds and Defendant Swift Financial, including personal involvement with collection of the alleged debt from Plaintiff, as well as the hiring, training, and managing of

employees, and regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts owed or due or asserted to be owed or due another, operating as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7.      Upon information and belief, Defendants Petree, Swift Finds, and Swift Financial function as the alter ego of each other, sharing in the money being collected by a common business enterprise, and there has been a blurring of the identities and lines of distinctions between Defendants Petree, Swift Finds, and Swift Financial, who have integrated their resources to achieve a common business purpose and function as a single business enterprise, the principal purpose of which is the collection of debts owed or due or asserted to be owed or due another, operating as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      The Defendants, in their business dealings, operated with unity, and the separateness of each entity has ceased to the extent that holding only one entity or person responsible would be an injustice.

## FACTUAL ALLEGATIONS

9.      At all times material to this Complaint, Defendants sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10.     Defendants left the following pre-recorded message(s) on Plaintiff's voice mail on or about the date(s) stated:

<u>August 2, 2012 at 12:15 PM</u>
*This is not a sales or marketing message.  Please return this call toll free at 1-888-479-4384.  This is an important message for:  McConnell, Carissa.  This is not a sales or marketing message.  Please return this call toll free at 1-888-479-4384.*

<u>August 6, 2012 at 2:36 PM</u>
*This is not a sales or marketing message.  Please return this call toll free at 1-888-479-4384.  This is an important message for:  McConnell, Carissa.  This is not a sales or marketing message.  Please return this call toll free at 1-888-479-4384.*

<u>August 8, 2012 at 12:20 PM</u>
*This is not a sales or marketing message.  Please return this call toll free at 1-888-479-4384.  This is an important message for:  McConnell, Carissa.  This is not a sales or marketing message.  Please return this call toll free at 1-888-479-4384.*

11.     On August 8, 2012, Plaintiff returned Defendants' telephone calls. Hereinafter referred to as "the August 8, 2012 telephone call."

12.     During the August 8, 2012 telephone call, Defendants identified itself as "Swift Funds" and "Swift Funds Financial."

13.     During the August 8, 2012 telephone call, Defendants informed Plaintiff she owed $3,000.00 for an alleged debt originally due to a third party.

14.     Plaintiff does not owe anyone $3,000.00, and informed Defendants of same.

15.     During the August 8, 2012 telephone call, Defendants told Plaintiff that the matter would be turned over to an attorney to pursue if Plaintiff did not pay the alleged debt.

16.     Defendants' statement described above in Paragraph 15 is likely to mislead the least sophisticated consumer to believe that Defendants intended to sue Plaintiff if Plaintiff did not pay the alleged debt.

17.     As of the date of this Complaint Plaintiff has not paid the alleged debt.

18.     As of the date of this Complaint Defendants have not turned Plaintiff's account over to an attorney.

19.     As of the date of this Complaint Defendants have not sued Plaintiff.

20.     As of the date of this Complaint Defendants have never sued a consumer in Hillsborough County, Florida.

21.     Upon information and belief Defendants never had any intention of turning Plaintiff's account over to an attorney, never had any intention of suing Plaintiff, and have never sued a consumer in the entire State of Florida.

22.     Section 559.553 of the FCCPA requires all consumer collection agencies to first register with the Florida Office of Financial Regulation before attempting to collect a debt.

23.     Section 559.785 of the FCCPA makes it a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."

24.     Defendants were attempting to collect a debt from Plaintiff and were required to register with the Florida Office of Financial Regulation.

25.     At no time during Defendants' contact with Plaintiff was any Defendant registered with the Florida Office of Financial Regulation as a consumer collection agency.

26.     Defendants could not legally sue Plaintiff to collect the debt without first registering with the Florida Office of Financial Regulation.  *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1197-1198 (11th Cir. Fla. 2010).

27.     Section 559.715 of the FCCPA requires that assignees of consumer debts "must give the debtor written notice of such assignment as soon as practical after the assignment is made" in order to be a real party in interest able to bring an action to enforce the debt.  *See* Cach, LLC v. Stephen J. Quartermaine, 15 Fla. L. Weekly Supp. 843b (Fla. Broward County Ct. Jun. 16, 2008) (holding that compliance with Florida Statutes § 559.715 was a condition precedent to a collection action).

28.     Defendants never provided Plaintiff with notice of the assignment.

29.     During the August 8, 2012 telephone call, Plaintiff asked Defendants for an address where Plaintiff could send a written request to cease further phone calls.

30.     During the August 8, 2012 telephone call, Defendants informed Plaintiff that Defendants would continue to contact Plaintiff in an attempt to collect the alleged debt even if Defendants received a written cease and desist request and that such action by Defendants would be "in accordance with the law."

31.     Pursuant to 15 U.S.C. § 1692c(c):

*If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt except—*

*(1) to advise the consumer that the debt collector's further efforts are being terminated;*

*(2) to notify the consumer that the debt collector or creditor may  invoke specified remedies which are ordinarily invoked by such debt collector; or*

*(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.*

32.     Upon information and belief, Defendants knew they did not have the legal right to continue to contact Plaintiff in an attempt to collect the alleged debt if upon receipt a written request from Plaintiff to cease further phone calls.

33.     Defendants left the following message for Plaintiff on August 14, 2012 at 5:50 PM:

*This is not a sales or marketing message.  Please return this call toll free at 1-888-479-4384.  This is an important message for:  McConnell, Carissa.  This is not a sales or marketing message.  Please return this call toll free at 1-888-479-4384.*

34.     On August 16, 2012, Plaintiff's attorney provided correspondence to Defendants.

35.     The August 16, 2012 correspondence notified Defendants that Plaintiff was represented by an attorney with respect to the alleged debt and contained the name and address of Plaintiff's attorney.

36.     Defendants received the August 16, 2012 correspondence on August 20, 2013.  A copy of the USPS Track & Confirm details establishing Defendants' receipt of the August 16, 2012 correspondence is attached hereto as "Exhibit A."

37.     Despite notice that Plaintiff was represented by an attorney with respect to the alleged debt, Defendants continued to contact Plaintiff directly in an attempt to collect the alleged debt.

38.     Defendants left the following message for Plaintiff on August 22, 2012 at 12:16 PM:

> *This is an important message for:  McConnell, Carissa.  This is not a sales or a marketing message.  Please return this call toll free at 1-888-479-4384.*

39.     Defendants left similar or identical messages on other occasions. (Collectively, "the telephone messages").

40.     The messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* Belin v. Litton Loan Servicing, 2006 WL 1992410 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA; Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal. 2005) (same).

41.     Defendants failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendants' messages.

42.     Pursuant to 15 U.S.C. § 1692g(a), Defendants are required to send Plaintiff a written validation notice within five (5) days of initial communication with Plaintiff.

43.     As of the date of this Complaint, Defendants have not sent Plaintiff a written validation notice.

## COUNT I
### CONTACTING A REPRESENTED CONSUMER
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(2)

44.     Plaintiff incorporates Paragraphs 1 through 43 above as if fully set forth herein.

45.     Defendants communicated with Plaintiff in connection with the collection of the alleged debt despite knowledge that Plaintiff was represented by an attorney with respect the alleged debt and knowledge of the attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses, and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT II
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

46.     Plaintiff incorporates Paragraphs 1 through 43 above as if fully set forth herein.

47.     Defendants placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of its communication in the telephone message in violation of 15 U.S.C. § 1692d(6).  *See* Valencia v. The Affiliated Group, Inc.,   2008 WL 4372895 (S.D. Fla. 2008); Wright v. Credit Bureau of

Georgia, Inc., 548 F. Supp. 591, 597 (N.D.Ga. 1982); Hosseinzadeh v. M.R.S. Assocs.,

387 F. Supp.2d 1104, 1112 (D.Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendants for:

      a.  Damages;

      b.  Attorney's fees, litigation expenses, and costs of suit; and

      c.  Such other or further relief as the Court deems proper.

## COUNT III
### FALSE OR MISLEADING REPRESENTATIONS
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

48.    Plaintiff incorporates Paragraphs 1 through 43 above as if fully set forth

herein.

49.    Defendants falsely represented the amount of the alleged debt in violation

of 15 U.S.C. § 1692e(2)(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendants for:

      a.  Damages;

      b.  Attorney's fees, litigation expenses, and costs of suit; and

      c.  Such other or further relief as the Court deems proper.

## COUNT IV
### FALSE OR MISLEADING REPRESENTATIONS
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

50.    Plaintiff incorporates Paragraphs 1 through 43 above as if fully set forth

herein.

51.     Defendants threatened to take an action with no intention to take such action in violation of 15 U.S.C. § 1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses, and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

<u>**COUNT V**</u>
**FALSE OR MISLEADING REPRESENTATIONS
IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)**

52.     Plaintiff incorporates Paragraphs 1 through 43 above as if fully set forth herein.

53.     Defendants threatened to take an action that could not legally be taken in violation of 15 U.S.C. § 1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses, and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

<u>**COUNT VI**</u>
**FALSE OR MISLEADING REPRESENTATIONS
IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)**

54.     Plaintiff incorporates Paragraphs 1 through 43 above as if fully set forth herein.

55.     Defendants used false representations or deceptive means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses, and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

<u>**COUNT VII**</u>
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11)**

56.     Plaintiff incorporates Paragraphs 1 through 43 above as if fully set forth herein.

57.     Defendants failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11).   *See* <u>Foti v. NCO Fin. Sys.</u>, 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); <u>Belin v. Litton Loan Servicing</u>, 2006 WL 1992410 (M.D. Fla. 2006); <u>Leyse v. Corporate Collection Servs.</u>, 2006 WL 2708451 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses, and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT VIII
### FALSE OR MISLEADING REPRESENTATIONS
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(14)

58.     Plaintiff incorporates Paragraphs 1 through 43 above as if fully set forth herein.

59.     Defendants used a business, company, or organization name other than the true name of Defendants' business, company, or organization in violation of 15 U.S.C. § 1692e(14).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses, and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

## COUNT IX
### FAILURE TO SENT WRITTEN VALIDATION NOTICE
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g

60.     Plaintiff incorporates Paragraphs 1 through 43 above as if fully set forth herein.

61.     Defendants failed to send Plaintiff a written validation notice within five days after the initial communication with Plaintiff in violation of 15 U.S.C. § 1692g.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses, and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT X
## HARASSMENT OR ABUSE
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

62.     Plaintiff incorporates Paragraphs 1 through 43 as if fully set forth herein.

63.     Defendants engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT XI
## ASSERTING LEGAL RIGHT KNOWN NOT TO EXIST
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

64.     Plaintiff incorporates Paragraphs 1 through 43 as if fully set forth herein.

65.     Defendants asserted the existence of a legal right that Defendants knew did not exist in violation of Fla. Stat. § 559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT XII
## COMMUNICATING WITH A REPRESENTED PARTY
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

66.     Plaintiff incorporates Paragraphs 1 through 43 as if fully set forth herein.

67.     Defendants communicated with a Plaintiff despite knowledge that Plaintiff

was represented by an attorney in violation of Fla. Stat. § 559.72(18).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

       *s/ James S. Giardina*
[ x ] James S. Giardina - Trial Counsel
Fla. Bar No. 0942421
[    ] Kimberly H. Wochholz
Fla. Bar No. 0092159
THE CONSUMER RIGHTS LAW GROUP, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
***Counsel for Plaintiff***